

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2005

# USA v. Byrd

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1820

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Byrd" (2005). *2005 Decisions.* Paper 244.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/244

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1820
_____

UNITED STATES OF AMERICA

v.

SENECA STEPHEN BYRD,
                                                              *Appellant*


_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. No. 04-cr-00125)
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
October 21, 2005
Before: SMITH, BECKER and NYGAARD, *Circuit Judges*


(Filed:   November 9, 2005)


_____

OPINION
_____

BECKER, Circuit Judge.

    Seneca Stephen Byrd appeals from a judgment in a criminal case arising out of his

conditional plea of guilty to violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The indictment alleged that Byrd was in possession of a .25 caliber handgun after having previously been convicted in the Court of Common Pleas of Allegheny County, Pennsylvania for violation of the Uniform Firearms Act and possession with intent to deliver. The condition of the plea preserved Byrd's right to challenge the District Court's denial of Byrd's motion to suppress evidence (i.e. the firearm) obtained from a search of his vehicle following a traffic stop by City of McKeesport police officers. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi.* Byrd makes three arguments which we take up seriatim.

Byrd's first objection is to a *Terry* frisk, *Terry v. Ohio*, 392 U.S. 1 (1968), which, in his view, started things in motion. Byrd contends that Officer Wynn lacked any articulable facts to support subjecting him to a *Terry* frisk. Wynn acknowledged that he performed the frisk because Byrd stated that he was on probation and because Byrd was in possession of sandwich baggies, which had fallen out of his pocket. Wynn was familiar with baggies being used to package narcotics.

We disagree with Byrd's contention. Rather, we think that an objectively reasonable police officer in Officer Wynn's position would have reason to suspect that Byrd was armed, and hence reason to perform a frisk. Wynn had prior dealings with Byrd, upon which he based the belief that there was a "possibility that he could have had a

2

gun." Additionally, other police officers had informed Wynn of past encounters with Byrd which involved firearms, and Byrd admitted that he was currently on probation for weapons and drug offenses. Finally, the presence of numerous plastic baggies, which are associated with narcotics trafficking, was evidence that Byrd was at the time of the stop involved with narcotics distribution. We have often recognized that "firearms are relevant in the prosecution of drug-related offenses, because guns are tools of the drug trade." *See United States v. Russell*, 134 F.3d 171, 183 (3d Cir. 1998). Under these circumstances, Wynn, who was alone at the time, had reason to suspect that Byrd might have a gun and that a frisk to ensure his safety was appropriate and warranted.

At all events, the frisk occurred, the District Court found, *after* Byrd consented to a search of his car, which the District Court also found was voluntary (crediting Officer Wynn over Byrd). Byrd challenges the District Court's conclusion, asserting that his consent to the search of his vehicle was not voluntary in light of his continued detention after officer Wynn's *Terry* frisk revealed no contraband. We address Byrd's second argument, that the stop was improperly prolonged, before addressing the consent issue.

Again we disagree with Byrd. It is settled here that "when there is reasonable suspicion that the occupants of a vehicle are engaged in other illegal activity, an officer may prolong a traffic stop to investigate that activity." *United States v. Walden*, 146 F.3d, 490 (7th Cir. 1998) (citation omitted). As the Supreme Court has stated in determining "whether a detention is too long in duration to be justified as an investigatory stop, [it is]

appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *United States v. Sharpe*, 470 U.S. 675, 686 (1985); *see also United States v. Frost*, 999 F.2d 737, 741-42 (3d Cir. 1993). Under the circumstances set forth above (the baggies, the prior encounters with Byrd, etc.), we are satisfied that Officer Wynn had reason to suspect that Byrd was engaged in additional criminal activity and properly prolonged the traffic stop to investigate that activity.

Finally, Byrd submits in his third argument that his consent was involuntary, because of the coercive facts and circumstances of the traffic stop attending Officer Wynn's request for consent to search. In part, this contention is based upon a challenge to the District Court's fact findings as to what the police did or told Byrd. We reject that challenge because the Court's findings are supported by the record and are not clearly erroneous. The District Court's legal conclusions are, of course, subject to plenary review, but we find no error. In particular, suppression was not required because the police failed to provide Byrd with a waiver form or memorialize the consent. Indeed, the District Court found that Wynn told Byrd that he could refuse consent and was free to leave. At all events, a defendant's voluntariness must be assessed on the totality of the attendant circumstances "without giving dispositive effect to any single criterion." United States v. Kim, 27 F.3d 947, 955 (3d Cir. 1994). Under the totality of the circumstances, the District Court's decision is supported.

4

The judgment of the District Court will be affirmed.